UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOB KENNEDY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11363** |
| **TERRAL RIVERSERVICE, INC.** | **SECTION D (4)** |

### ORDER AND REASONS

Before the Court is Defendant Terral RiverService, Inc.'s Motion to Reopen Discovery.[1] The Motion is opposed,[2] and Defendant has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court grants the Motion.

Plaintiff Jacob Kennedy alleges that he was injured while working aboard the M/V DANNY TERREL, owned by Defendant Terral RiverService, Inc.[4] Plaintiff recently scheduled a back surgery on June 22, 2021.[5] This matter has been continued numerous times,[6] and the discovery cutoff in this matter was April 13, 2020.[7] During a recent status conference held in response to a joint motion to continue trial, the Court continued trial in this matter.[8] The Court also stated that should the parties

---

[1] R. Doc. 48.
[2] R. Doc. 50.
[3] R. Doc. 57.
[4] *See generally* R. Doc. 1.
[5] R. Doc. 50 at 5; R. Doc. 48-2 at 1.
[6] R. Doc. 24; R. Doc. 30; R. Doc. 42.
[7] R. Doc. 7.
[8] R. Doc. 47.

"seek to reopen discovery in this matter, they must file a motion seeking that relief and specifying what additional discovery is requested."[9]

Due to Plaintiff's upcoming surgery, Defendant now moves to reopen discovery.[10] Although Defendant does not clearly specify what discovery it seeks, Plaintiff's Opposition makes clear that Defendant seeks (1) a pre-surgical independent medical examination of Plaintiff; (2) a post-surgical independent medical examination of Plaintiff; (3) a post-surgical functional capacity evaluation; and (4) the deposition of Dr. Jayme Trahan, one of Plaintiff's treating physicians.[11] Plaintiff opposes Defendant's request to reopen discovery on the grounds that it is untimely and may delay Plaintiff's surgery.[12] Although Plaintiff acknowledges the request came in light of Plaintiff's recently-scheduled surgery, he argues that Defendant was well aware that the condition of his back was at issue in this case, and that IME's are regularly scheduled before surgery is recommended. Defendant has filed a Reply, in which it argues that it should not be denied a right to otherwise discoverable facts in light of the delay of Plaintiff in having his surgery scheduled.

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent."[13] According to the Fifth Circuit, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the

---

[9] *Id.*
[10] R. Doc. 48-2.
[11] *See* R. Doc. 50 at 1, 5-6.
[12] Plaintiff notes that Dr. Trahan's deposition was previously scheduled for February 2021 but postponed by agreement of the parties. Plaintiff does not object to the taking of Dr. Trahan's deposition as long as it does not delay the Plaintiff's surgery.
[13] Fed. R. Civ. P. 16(b)(4).

extension.'"[14] In determining whether the movant has met its burden of proving "good cause" under Rule 16(b)(4), this Court must consider four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[15] A district court has broad discretion to control pretrial deadlines.[16]

As to the first factor, Defendant only sought to reopen discovery when Plaintiff's surgery was scheduled. Although there was a long gap between the close of discovery and the request, this reflects more on Plaintiff's delay in having the surgery scheduled than on Defendant's recalcitrance. And although IME's are sometimes scheduled before a surgery is recommended, Defendant likely did not want to incur the cost for an IME in a case where it was not clear whether the Plaintiff would be undergoing surgery. The Court therefore finds that the first factor supports reopening limited discovery.

The second factor asks the importance of the requested relief. Courts have found that an IME must occur prior to surgery to avoid spoilation of the evidence.[17] Indeed, the Fifth Circuit has held that employers have a right to investigate a claim for maintenance and cure before tending payments.[18] Moreover, Defendant seeks

---

[14] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[15] *Cartier v. Egana of Switzerland (America Corp.)*, Civ. A. No. 3:08-CV-0001-D, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (citing *S&W Enterprises, L.L.C.*, 315 F.3d at 536).
[16] *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990).
[17] *See, e.g.*, *Magnolia Fleet, LLC v. Grey*, No. 18-8361, 2018 WL 5619995, at *3 (E.D. La. Oct. 18, 2018) (citing cases).
[18] *Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723, 728 (5th Cir. 2013).

limited factual discovery that has a direct bearing on one of the central issues in this case—Plaintiff's damages. Accordingly, the Court finds that the second factor weighs in favor of reopening limited discovery.

The third factor asks the prejudice the Plaintiff may face should the Court grant relief. The primary prejudice identified by Plaintiff is that the surgery could be delayed should the Court reopen discovery. That would be unfortunate. The Court notes, however, that such prejudice is hypothetical at the moment as Plaintiff's surgery is one month away. Moreover, Plaintiff himself has increased the risk of such prejudice by opposing Defendant's request to take a pre-surgery IME. To the extent that any prejudice exists, it is outweighed here by the importance of the discovery at issue. The Court would encourage the parties to work cooperatively to attempt to get the IME conducted prior to the scheduled June surgery. The Court further finds there is no prejudice to Plaintiff in conducting discovery after his surgery, including the post-surgery IME. Finally, the Court notes that because any prejudice Plaintiff faces revolves around the date of his surgery, rather than other Court deadlines, the fourth factor is neutral.

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**. The following limited discovery may be conducted: (1) a pre-surgical independent medical examination of Plaintiff; (2) a post-surgical independent medical examination of Plaintiff; (3) a post-surgical functional capacity evaluation; and (4) the deposition of Dr. Trahan. All discovery must be completed by **August 20, 2021**.

New Orleans, Louisiana, May 25, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**